UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

| | |
|---|---|
| UNITED STATES OF AMERICA, | 17-MJ-524-JWF |
| v. | MEMORANDUM OF LAW IN SUPPORT OF THE |
| WILLIAM R. ROSICA, | DEFENDANT'S MOTION TO REVOKE OR AMEND THE |
| Defendant. | DETENTION ORDER |

## INTRODUCTION

Pursuant to 18 U.S.C. § 3145(b), defendant William Rosica moves this Court for a revocation or amendment of the Magistrate Judge's Order of Detention, dated March 3, 2017. Mr. Rosica requests this Court conduct a *de novo* review, revoke the Magistrate Judge's detention order, and set reasonable conditions of release.

## BACKGROUND

William Rosica is accused in a Criminal Complaint filed on March 1, 2017. The complaint charges three separate offenses involving the unauthorized use of computers including the alleged harassment by use of a computer between March 2016 through February 28, 2017. These non-violent offenses carry a maximum term of imprisonment of five years. There is no requirement that incarceration be imposed should a conviction occur.

## DETENTION HEARING

The Magistrate Judge presided over a detention hearing which was conducted on March 3, 2017. The government chose not to call any witnesses and proceeded by proffer. The defendant also proceeded by proffer.

The government presented three primary arguments why the defendant should be detained. First, that it had a strong prosecutable case. Second, that the defendant used sophisticated and complex techniques to hide his alleged conduct. Third, that the victim is terrified of the defendant.

The defendant countered the government's request for detention. The defendant argued there was no threat of physical or bodily harm and the defendant had no prior criminal history.

The Magistrate Judge rejected the defendant's argument. The Court granted the government's motion and ordered the defendant detained finding the government established by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community.

The Magistrate Judge's finding of detention was based on the weight of the evidence against the defendant. The Magistrate Judge suggested he could review the strength of the government's case as reflecting on the character of the accused and nature and circumstances of the offense. Yet the language used by the Magistrate Judge consistently focused on the weight of the evidence. Some representative language used by the Magistrate Judge at the detention hearing included, "I think this is a strong case;" "I think the evidence suggests complex techniques to terrorize someone here;" "There is a strong evidence you terrorized the victim;" and "This was a campaign of abuse and terror committed over a year."

**ARGUMENT**

Pursuant to 18 U.S.C. § 3145(b), the defendant moves for revocation or amendment of the Magistrate Judge's order that he be held without bail. Section 3145(b) provides that, "[i]f a person is ordered detained by a magistrate . . . the person may file, with the court having original

jurisdiction over the offense, a motion for revocation or amendment of the order." The district court should fully reconsider a magistrate's denial of bail not simply defer to the magistrate's judgment. The district court must reach its own independent conclusion. *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985). The standard of review is *de novo*. *See, United States v. Goba*, 240 F. Supp.2d 242, 245 (W.D.N.Y. 2003), *Leon*, 766 F.2d at 80. Such review requires the court "give fresh consideration to those issues to which specific objections have been made." The district court will examine the entire record, and make an independent assessment of the magistrate judge's factual and legal conclusions. *United States v. Raddatz*, 447 U.S. 667, 675 (1980).

1. **The Magistrate Judge Erred When He Granted the Government's Motion to Detain Mr. Rosica.**

The Magistrate Judge concluded the government provided clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community. The Magistrate Judge merely focused on the weight of the evidence factor when he decided to order Mr. Rosica detained. That is the one factor which courts generally consider the least important. That is because the statute does not permit nor require a pretrial determination of guilt. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). The 18 U.S.C. § 3142(g) factors require much more than a review of the weight of the evidence.

 A. **The Standard**

The Bail Reform Act in 18 U.S.C. § 3142(f)(2)(B) permits the government to seek detention if there exists "a serious risk that such person will …. threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness." The factors that must be

considered are enumerated in 18 U.S.C. § 3142(g). These include nature and circumstances of the offense, the weight of the evidence, the history and characteristics of the accused and the nature and seriousness of the risk to the community. Unless the defendant is charged with a listed offense [§ 3142(f)(1)], or has certain prior convictions [§ 3142(e)], the Bail Reform Act requires the Court to "order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond." 18 U.S.C. § 3142(b). Should the Court determine that release on personal recognizance or unsecured appearance bond "will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person" on conditions. 18 U.S.C. § 3142(c). The Bail Reform Act presumes that a defendant be released.

### B.  No Rebuttable Presumptions Apply

Here, Mr. Rosica is charged with three criminal offenses alleging cyberstalking by violating three separate statutes each carrying a maximum term of five years imprisonment: 18 U.S.C. §§ 2261A(1)(B), 2261A(2)(B) and 1030(a)(2)(C). None of those offenses fall within 18 U.S.C. § 3142(e)(2), (3) or (f)(1). Nor does Mr. Rosica have any prior criminal history that would subject him to inclusion in 18 U.S.C. § 3142(e)(2)(A-C). Based on these factors, the only presumption that applies is the presumption that Mr. Rosica be released.

### C.  The Government's Burden

The government has the burden of proving by clear and convincing evidence the defendant poses a danger to the community. *United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991), *United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir. 1985), and *United States v. Colombo*, 777 F.2d 96, 99 (2d Cir. 1985).

considered are enumerated in 18 U.S.C. § 3142(g). These include nature and circumstances of the offense, the weight of the evidence, the history and characteristics of the accused and the nature and seriousness of the risk to the community. Unless the defendant is charged with a listed offense [§ 3142(f)(1)], or has certain prior convictions [§ 3142(e)], the Bail Reform Act requires the Court to "order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond." 18 U.S.C. § 3142(b). Should the Court determine that release on personal recognizance or unsecured appearance bond "will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person" on conditions. 18 U.S.C. § 3142(c). The Bail Reform Act presumes that a defendant be released.

### B.  No Rebuttable Presumptions Apply

Here, Mr. Rosica is charged with three criminal offenses alleging cyberstalking by violating three separate statutes each carrying a maximum term of five years imprisonment: 18 U.S.C. §§ 2261A(1)(B), 2261A(2)(B) and 1030(a)(2)(C). None of those offenses fall within 18 U.S.C. § 3142(e)(2), (3) or (f)(1). Nor does Mr. Rosica have any prior criminal history that would subject him to inclusion in 18 U.S.C. § 3142(e)(2)(A-C). Based on these factors, the only presumption that applies is the presumption that Mr. Rosica be released.

### C.  The Government's Burden

The government has the burden of proving by clear and convincing evidence the defendant poses a danger to the community. *United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991), *United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir. 1985), and *United States v. Colombo*, 777 F.2d 96, 99 (2d Cir. 1985).

**2.   There Exist Conditions of Release That Will Reasonably Assure Mr. Rosica's Presence at Trial.**

The Bail Reform Act of 1984 limits a federal judge's ability to detain a defendant without bail. "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno,* 481 U.S. 739, 755 (1987). This requires the Court to conduct a two part inquiry: is the defendant a danger to the community or a serious risk of flight, and, if so, are there conditions or a combination of conditions that will reasonable assure the danger or the person's presence at trial.

Magistrate Judge McCarthy recently restated the true purpose of the Bail Reform Act:

> In determining which conditions of release are appropriate, I am mindful that the Bail Reform Act requires only reasonable assurance, *not* a guarantee, that the conditions will prevent danger or flight. *See*, *United States v. Hir*, 517 F.3d 1081, 1092 (9th Cir. 2008) ("the Bail Reform Act contemplates only that a court be able to 'reasonably assure,' rather than guarantee, the safety of the community"); *United States v. Tortora*, 922 F.2d 880, 884 (1st Cir. 1990) ("Requiring that release conditions guarantee the community's safety would fly in the teeth of Congress's clear intent that only a limited number of defendants be subject to pretrial detention").

*United States v. Barner*, 743 F.Supp 2d 225, 233 (W.D.N.Y. 2010).

A Pretrial Services Report was prepared and presented to the Magistrate Judge at the detention hearing. Mr. Rosica was described as 50 years old, a life-long resident of the district who lived at his current address since October 2006. He and his wife are separated but they share a 17 year old son. Mr. Rosica was gainfully employed as a police officer with the Town of Irondequoit until the date of his arrest. He suffers with medical issues including heart issues, diabetes, and high cholesterol. He was seen by a mental health professional shortly after heart surgery. He has no prior criminal history.

One of the issues raised by the government was Mr. Rosica's access to firearms. Mr. Rosica's family requested members of the Irondequoit Police Department remove all firearms and ammunition from Mr. Rosica's home. This was accomplished on March 31, 2017. Counsel has a police report/receipt verifying the removal and confiscation of the items.

Another issue that was not seriously considered as a reasonable condition of release is the use of GPS electronic monitoring. Such a condition would reasonably assure the risk that Mr. Rosica might threaten, injure or intimidate or attempt to do the same to the alleged witness. U.S. Probation currently uses ankle bracelets that rely on a Global Positioning System. This radio-navigation system can tract an individual who wears a receiver on his ankle. This receiver allows signals to be sent by a GPS satellite. These signals can be easily harnessed by zones of inclusion (where the person resides) and exclusion (where the person cannot be). For example, should the Court be concerned that a defendant wearing a GPS bracelet might travel to an area where an alleged witness lives, works, or attends school, a zone of exclusion may be programmed into the defendant's monitoring system. This sets up an exclusionary zone by location(s). If that zone of exclusion is breached, a notification is immediately sent to the supervising probation officer. The PO would directly contact the alleged witness and local law enforcement. This opportunity to monitor the defendant through the use of zones of inclusion and exclusion provides this Court with a reasonable condition that will reasonably assure against a serious risk of danger to the alleged witness.

Similarly, this Court could limit Mr. Rosica's use of any telephone, digital device or computer. Such limitation could include monitoring by the U.S. Probation Office. Such a reasonable condition would permit the Court through the USPO to monitor Mr. Rosica's electronic device usage.

**CONCLUSION**

The Supreme Court held in *Salerno*, 481 U.S. at 755, that detention prior to trial is the carefully limited exception. This Court should revoke Magistrate Judge Feldman's order of detention and order Mr. Rosica released on reasonable conditions including home incarceration monitored by GPS and no use of telephone, computer, or digital device without surveillance of USPO's monitoring software. These conditions are in daily use throughout this district and routinely provide many judges with reasonable assurances against a serious risk that a defendant might threaten, injure, or intimidate or attempt to do the same to a prospective witness.

Dated: May 25, 2017

/s/Mark D. Hosken
Mark D. Hosken
Supervisory Assistant Federal Public Defender
Federal Public Defender's Office
28 E. Main Street, Suite 400
Rochester, New York 14614
(585)263-6201
Mark_Hosken@fd.org
Attorney for William R. Rosica

To: Craig Gestring, AUSA